**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CARL D. WATERS,               ) | |
|                                ) | |
|     Petitioner,       ) | Case No. CV 07-258-S-LMB |
|                                ) | |
| v.                             ) | |
|                                ) | **MEMORANDUM DECISION** |
| COMMISSIONER, SOCIAL SECURITY  ) | **AND ORDER** |
| ADMINISTRATION,                ) | |
|                                ) | |
|     Respondent.       ) | |
| _____) | |

Currently pending before the Court is Carl D. Waters's Petition for Review seeking review of the final decision of Respondent denying his claim for Title II Social Security disability benefits and Title XVI Supplemental Security Income benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Carl D. Waters ("Petitioner" or "Claimant") applied for a period of disability and disability insurance benefits under Title II of the Social Security Act on October 16, 2003 (AR

**MEMORANDUM DECISION AND ORDER - 1**

102).[1]  Petitioner alleged disability beginning October 13, 2000 as a result of an injury to his back (AR 102, 118).  For purposes of establishing entitlement to disability insurance benefits, Petitioner was insured through December 2003.  (AR 105).[2]

Petitioner's application was denied initially (AR 68) and again after reconsideration (AR 73).  Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (AR 78).

The ALJ held a hearing on May 17, 2006 (AR 38) at which time Petitioner, represented by counsel, appeared and testified (AR 704).  Dr. Michael Enright, a medical expert, and Anne Aastum, a vocational expert, also testified.  (AR 79, 83, 690).

Petitioner testified that he is unable to work due to constant back pain.  (AR 713) ("I'm in pain all the time, and there's a lot of days I can't hardly walk across my own floor. . . .").  Petitioner also testified that he needs to change positions at will from sitting, standing, or walking as he has difficulty being in any one position for very long.  (AR 713-14).  Petitioner described his pain as radiating from the center of his back, down and through his hips, the front and back of his legs, and his feet.  (AR 714).  This pain interferes with Petitioner's ability to concentrate.  (AR 720) ("Just can't keep going because I start hurting and can't focus on what I'm doing").

---

[1]  Petitioner filed two previous applications for disability benefits (AR 95-97, 99-101) and three applications for Supplemental Security Income disability payments (AR 644-46, 656-57, 665-669), all of which were denied.  (AR 48, 53, 649, 659, 671, 678).  Petitioner did not exhaust the administrative appeals process for any of these previous applications.

[2]  To be eligible for disability insurance benefits under Title II of the Social Security Act, Petitioner must show he was disabled during the period of time in which he was insured.  *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998).  Petitioner's insured status expired on December 1, 2003; therefore, Petitioner must show he was disabled on or before December 31, 2003.

**MEMORANDUM DECISION AND ORDER - 2**

In addition to back pain, Petitioner testified regarding his depression, lack of energy, and limited memory. (AR 718-19). Petitioner also has difficulty reading (AR 705), as well as with writing and other fine motor skills due to an issue with the tendons in his thumb (AR 721, 33).

On November 22, 2006 the ALJ issued a decision denying Petitioner's claim. (AR 22). Petitioner requested the Appeals Council review the ALJ's decision (AR 17), and the Appeals Council denied Petitioner's request on May 11, 2007 (AR 13) making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely filed this instant action. Petitioner requests that the ALJ's decision be reversed or, in the alternative, this matter be remanded in order to allow the ALJ an opportunity to further evaluate the evidence.

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was forty years old. (AR 704). He had attended school but did not complete the ninth grade. (AR 705). Petitioner did not have a high school diploma or a GED. (AR 705). Petitioner had work experience as a framer. (AR 706).

## III.

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and be based on proper legal standards. 42 U.S.C. § 405(g) (2005); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings of the ALJ as to any fact, if supported by substantial evidence, are

conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

**MEMORANDUM DECISION AND ORDER - 4**

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial and should be construed liberally and "not so as to withhold benefits in marginal cases." *Id*. at 1095 (citation omitted).

## IV.

## DISCUSSION

A.  **Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step in the sequential process requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ concluded that Petitioner has not engaged in substantial gainful activity since the alleged onset of disability. (AR 27).

The second step requires the ALJ to determine whether the claimant has a medically-severe impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the answer is in the negative, disability benefits are denied. 20 C.F.R. § 404.1520(c). The ALJ found that

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner has the following medically determinable, severe impairments: degenerative disc disease of the lumbar spine, mild cervical stenosis at C6-7, status post left L3-4, L4-5 microdiskectomy, facetectomy, and foraminotomy on November 14, 2000, status post left L3-4 diskectomy on December 12, 2000, status post L3-4 and L4-5 posterior lumbar interbody fusion with posterolateral fusion, instrumentation, and iliac crest bone graft on August 22, 2003, borderline intellectual functioning, and major depressive disorder (AR 27).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the answer is in the affirmative, the claimant is disabled and benefits are awarded.  20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that Petitioner's severe impairments do not meet or equal any listing of impairments under 20 CFR Part 404, Subpart P, Appendix 1.  (AR 28).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  In this respect, the ALJ concluded that through the date last insured, the Petitioner was unable to  perform past relevant work. (AR 36).  The ALJ found that Petitioner has the residual functional capacity to:

> [L]ift and/or carry 30 pounds occasionally, and 20 pounds frequently.  He should avoid prolonged standing or sitting.  He must be able to change positions from sitting to standing in order to alleviate pain and discomfort on an as needed basis.  He should avoid frequent bending, twisting, stooping, or crawling.  He is able to understand, remember, and carry out very short and simple instructions.  Due to his depression and limited intellectual ability, he may have difficulty learning new skills and is limited to unskilled work.

(AR 30).

**MEMORANDUM DECISION AND ORDER - 6**

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993).  In this respect, the ALJ concluded that occupations exist in significant numbers in the national economy which Petitioner is capable of performing, e.g. assembly press operator, injection molding machine tender, assembler of small products, and assembler of plastic hospital products.  (AR 37).  Therefore, the ALJ concluded that Petitioner "was not under a 'disability,' as defined in the Social Security Act, at any time from October 13, 2000, the alleged onset date, through December 31, 2003, the date last insured."  (AR 37).

**B.     Analysis**

Petitioner argues that the ALJ erred in three respects.  First, Petitioner argues that the ALJ's finding that Petitioner not credible was not supported by substantial and competent evidence.  *Petitioner's Brief*, p. 5 (Docket No. 13).  Second, Petitioner argues that the opinion of rehabilitation expert, Barbara Nelson, M.S., was rejected without merit.  *Id.* at 7.  Third, Petitioner argues that the ALJ's finding regarding Petitioner's residual functional capacity and ability to work is not supported by the evidence.  *Id.* at 8.

**1.     Credibility**

To decide whether to accept a claimant's subjective symptom testimony, an ALJ must perform a two-step analysis.  In the first step, the ALJ must determine whether the claimant has presented subjective medical evidence of an underlying impairment that could reasonably be

**MEMORANDUM DECISION AND ORDER - 7**

expected to produce the symptom alleged.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).  If the claimant meets the first step, the ALJ must move on to the second step and determine whether claimant's subjective testimony is credible.  *See id.* at 1036.

In this second step, unless there is evidence of malingering, "'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  To fulfill this requirement, the ALJ must state "specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284; *see Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  Generally, in determining whether the claimant's subjective testimony regarding the severity of his/her symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  *Light v. Soc. Security Admin.*, 119 F.3d 789, 791 (9th Cir. 1997).  The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight.  *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).

In the instant action, the ALJ found that Petitioner had provided evidence of an underlying impairment that could produce the symptoms alleged but his subjective testimony was not credible.  The ALJ stated, "the claimant's medically determinable impairments could reasonably be expected to produce his alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely

**MEMORANDUM DECISION AND ORDER - 8**

credible." (AR 30). While the ALJ generally outlines the medical evidence in the record and makes credibility determinations regarding these sources, the decision lacks specific findings necessary to justify a decision to reject Petitioner's subjective testimony. Further, it is not clear from the decision whether the ALJ has rejected all of Petitioner's testimony as it relates to his back, thumb, and mental impairments or simply the pain testimony associated with the back injury.

"In order to disbelieve a claim of excess pain, an ALJ must make specific findings justifying that decision" and "[t]hese findings must enable the ALJ to 'convincingly justify his rejection' of the claimant's excess pain testimony." *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (citations omitted). While the ALJ is in the best position to make a credibility determination, he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Here, without reference to specific unreliable statements made by the claimant and the facts that lead to that conclusion , the Court is unable to uphold the ALJ's negative credibility determination. Therefore, the decision must be remanded to the ALJ.

   2.   **Additional Issues**

The additional issues on appeal, including the ALJ's rejection of the rehabilitation expert's opinion and residual functional capacity determination, require review of decisions premised upon the rejection of Petitioner's testimony. If proceedings on remand lead to a change in the ALJ's determination of Petitioner's credibility, Ms. Nelson's expert testimony and

**MEMORANDUM DECISION AND ORDER - 9**

Petitioner's residual functional capacity will have to be reassessed as well. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

## V.

## CONCLUSION

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act does not meet the applicable legal standards. Accordingly, the Court will grant Petitioner's request for review and remand this matter for further proceedings. Although Petitioner has requested the Court award her benefits, the Court declines to grant such relief because further development of the record in this matter is necessary.

## VI.

## ORDER

Based on the foregoing, Petitioner's request for review is GRANTED. The Commissioner's decision that Petitioner is not disabled within the meaning of the Social Security Act is reversed and this matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Decision and Order. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

DATED: **July 17, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**